# Thompson's Executors *v.* Russey.

*Action by Vendor against Purchaser, on Common Counts, and for Breach of Special Contract.*

*Construction of written contract for sale of horses, as to offer to return by purchaser on discovery of unsoundness.* — Under a written contract for the sale of two horses, which is signed by both the vendor and the purchaser, and states that " the latter has this day bought a pair of bay horses, conditionally, for the sum of $500, — $300 to be paid down in cash, and the other $200 when the purchaser is satisfied the horses are sound; " the purchaser is not bound to pay the $200, if one of the horses was unsound at the time of the sale, nor to notify the vendor of the discovery of the unsoundness, nor to offer to return the horses, or to rescind the contract in part or in whole.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. L. B. STRANGE.

This action was brought by Benjamin F. Russey, against Jesse Thompson, and was commenced on the 7th day of February, 1868. The defendant died pending the suit, and the action was thereupon revived against his executors. The complaint contained all the common counts, and a special count for the breach of a written contract, which was set out, in these words : —

" La Place, Alabama, September 6, 1861. According to an agreement between the parties, B. F. Russey and Jesse Thompson, the latter has this day bought a pair of bay horses, conditionally, for the sum of five hundred dollars; three hundred dollars to be paid down in cash, and the other two hundred dollars when the purchaser is satisfied the horses are sound.

" B. F. RUSSEY.

(Signed.)     " JESSE THOMPSON."

The special count alleged, as a breach of this contract, that the defendant was satisfied before the commencement of the suit that the horses were sound, and nevertheless failed and refused to pay the two hundred dollars. The only plea was " the general issue, with leave to insist upon any special matter

as if specially pleaded ; " and issue was joined on this plea. On the trial, as the bill of exceptions states, the plaintiff read said written contract in evidence, and then rested his case. " The defendants then introduced a witness who testified, that said Jesse Thompson, a very short time after the purchase of said horses, became satisfied that one of them was unsound ; and that the unsoundness, which existed at the time of the purchase, developed to such an extent as to render the said horse, a few weeks after the purchase, entirely valueless ; and that the amount paid in cash at the time of the sale, viz., three hundred dollars, was the full value of the horses in the diseased condition of one of them. He testified, also, that said Jesse Thompson communicated the fact of such unsoundness, immediately after its discovery, to L. B. Cloud, with whom the plaintiff had left said agreement for collection, the plaintiff himself being absent. This was all the evidence. The court thereupon charged the jury, among other things, that the sale, as proved by the written agreement, was a conditional one upon the soundness of the horses sold ; and that it was the duty of the defendant, so soon as he became satisfied that one of the horses was unsound, to return the horses to the plaintiff, or offer to do so ; and that the failure of the defendant to do so, within a reasonable time thereafter, made him liable to the plaintiff for the remaining two hundred dollars, the balance due on the purchase of the horses, with the interest thereon to date."

This charge of the court, to which the defendants excepted, is now assigned as error, together with the refusal of certain charges asked, which require no special notice.

GRAHAM & ABERCROMBIE, for appellant, cited *Jones* v. *Somerville*, 1 Porter, 456 ; *Ledyard* v. *Manning*, 1 Ala. 153; *Worsley* v. *Wood*, 6 Term R. 711 ; *Jackson* v. *So. Mut. Ins. Co.* 36 Georgia, 429 ; 32 Geo. 493 ; 12 Wendell, 452 ; 1 Saunders, 480 ; 1 Chitty's Pleadings, 320–21, 329–30.

BLAKEY & FERGUSON, *contra*, cited *Henley* v. *Bush*, 33 Ala. 636 ; *Skinner* v. *Bedell's Adm'r*, 32 Ala. 44 ; and *Morell* v. *Whiting*, 32 Ala. 636.

PETERS, C. J. — The plaintiff rested his case, at the trial below, upon the written instrument alone. This agreement is certainly a conditional contract. This is so expressed by the parties themselves in the face of it. They so understood it, and intended it to be so construed. What, then, was this condition ? We can only look to the contract itself for an answer, as there was no other evidence offered to the jury by the plain

tiff, save the written agreement itself. Very obviously, the condition intended was the stipulation that fixed the time for the payment of the balance of the purchase-money agreed to be paid, — that is, " when the purchaser is [was] satisfied that the horses are sound." This is the language of the agreement. This made the payment of the two hundred dollars to depend on the soundness of the horses. If they were not sound, there was no agreement to pay this sum, or to return the horses to the vendor, or to rescind the sale, in part or in whole. The agreement fixes two values upon the horses, — one value at $500, if they were sound ; and the other value at $300, if they were unsound. It is true that this intention is somewhat obscurely expressed. But this construction is necessary, in order to protect the purchaser from being compelled to pay the same price for the horses, after he was satisfied that they were unsound, that he was willing to pay for them if he found them to be free from disease. There was evidence tending to show that one of the horses was unsound and valueless when sold. Then, the time to pay the two hundred dollars could not arrive. It was a sum agreed upon between the parties, to be left in the purchaser's hands, to indemnify him against the suspected unsoundness of one or both of the horses at the time of the sale. As there was no agreement to return the horses, or either of them, if found to be diseased, this was a competent method for the parties themselves to ascertain the amount of the deduction from the price of the horses without disease, and the same horses with one of them diseased, and valueless from that disease. It seems to be the most rational construction of the language of the contract, that the purchaser did not intend to pay the same sum for the horses if they were diseased, as he was willing to pay if they were sound ; and the amount kept in his hands to cover this difference was the sum of two hundred dollars. If there had been any agreement to return the horses, if the purchaser was not satisfied they were sound, then, on his failure to return them, he would have been liable to pay the full price, or at least the value of the one diseased. But there was no agreement to return them, or to communicate the fact of a discovery of the unsoundness to the vendor. Unless they were sound, he was not bound to pay more than he had already paid. This seems to be the meaning of the contract, when we look alone to its own words ; which we must do, when there is no other evidence before the court of the agreement of the parties, save the contract itself, as is the case here. The law does not infer that a party agrees to do more than his contract expresses. Here, there was no stipulation that the purchaser would return the horses if they were diseased, but only that he would pay two hundred dollars more than he had paid, when

he became satisfied that they were sound.  He was not liable to pay, until this time arrived.  It never could arrive, if the horses, or one of them, was diseased.  I think this the proper construction of this singular instrument.  In this view of it, the court below erred in the charge given which was excepted to.  And as this will necessarily work a reversal of the judgment of the court below, and furnish an exposition of the written agreement on another trial, I deem it unnecessary to discuss the charges which were asked and refused.  The questions dependent on them may not again arise.

The judgment of the court below is reversed, and the cause is remanded for a new trial.